KAHN, Judge.
Earl Johnson, a prisoner under various sentences of imprisonment for burglary, sexual battery, robbery and kidnapping, appeals an adverse order entered by the circuit court on his petition for writ of mandamus. By such petition, Johnson sought to require the Parole Commission (Commission) to establish his effective parole release date.
Johnson received his sentences on October 18, 1978. In 1980, the Commission established his presumptive parole release date (PPRD) at October 9, 2007. This PPRD was not changed after several subsequent biennial reviews. § 947.174, Fla. Stat. (1991). On January 3, 1991, Johnson requested the Commission to set an effective parole release date, which it declined to do. Johnson pursued the matter by filing his petition for writ of mandamus on October 4, 1991. On November 14, 1991, the circuit court issued an order to show cause requiring the Commission to file a response within thirty days, and allowing Johnson ten days thereafter to reply. The Commission’s response was timely filed on December 13, 1991. The circuit court entered an order denying Johnson’s petition on January 8, 1992. On January 13, 1992, Johnson filed his reply. Johnson argues that while his petition was pending in the circuit court he was moved by the state from one institution to another, and that he duly notified the clerk of the circuit court of his address change on December 16, 1991. In spite of such notification, Johnson did not receive the Commission's response until January 2, 1992, some twenty days after the response was filed, and thus, ten days late. Johnson argues that the circuit court’s order must be reversed and remanded because the court failed to properly consider his reply before denying his petition. We reject this argument and affirm.
By statute, the Parole Commission must conduct a review in order to establish an effective parole release date within 90 days before the PPRD. § 947.-1745(1), Fla.Stat. (1991). Accordingly, Johnson has no legal right at the present time to have established an effective parole *625 release date. Since mandamus cannot be used to establish a legal right, State, Dep’t of Health and Rehabilitative Serv. v. Hartsfield, 399 So.2d 1019 (Fla. 1st DCA 1981), the question of whether the trial court failed to consider Johnson’s reply is irrelevant.
AFFIRMED.
SMITH and SHIVERS, JJ., concur.